IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS KRAEMER : CIVIL ACTION
 :
 v. :
 :
AMY (DERAYMOND) FONTNO, et al. : NO. 15-1521

**MEMORANDUM**

**SCHMEHL   /s/ JLS**                                                                                  **June 10, 2015**

Currently before the Court is plaintiff Thomas Kraemer's amended complaint. For the following reasons, the Court will dismiss the amended complaint with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

## I.     FACTS AND PROCEDURAL HISTORY[1]

Thomas Kraemer, a non-attorney who is proceeding *pro se*, initiated this action on November 21, 2014 by filing a motion for leave to proceed *in forma pauperis* and a complaint against numerous defendants in the Southern District of New York. *See Kraemer v. Fontno*, Civ. A. No. 14-9343 (S.D.N.Y.). After plaintiff was granted leave to proceed *in forma pauperis*, the case was transferred to this district. Prior to the transfer, plaintiff filed a letter seeking permission to file an amended complaint. He also filed a new, potentially duplicative case in the Southern District of New York prior to the transfer. *See Kraemer v. Fontno*, Civ. A. No. 15-1755 (S.D.N.Y.). Accordingly, once the case was received in this district, the Court required plaintiff to indicate whether he sought to proceed with his claims here and gave him time to file an amended complaint. Shortly thereafter, the Judge assigned to plaintiff's second case in the

---

[1] The following facts are taken from the amended complaint, attachments to the amended complaint, and publicly available dockets of federal court proceedings related to this case, which are referenced in the amended complaint.

1

Southern District of New York dismissed his case. Some claims were dismissed as frivolous, while those claims previously raised in the transferred case were dismissed without prejudice to plaintiff proceeding in this action.

Plaintiff filed an amended complaint in this action, which is currently pending before the Court. The amended complaint and attached exhibits are voluminous, totaling hundreds of pages. Plaintiff's claims primarily concern his disabled daughter, E.K., prior litigation involving his daughter, and his daughter's education, treatment, and care. He sued Amy Fontno (his daughter's mother), Raymond DeRaymond (Ms. Fontno's father and attorney), Manny Fontno (E.K.'s stepfather), other family members (Allene Kraemer and Gretchen Kraemer), three of his daughter's court-appointed guardians (Lisa Spitale, Shannon Moore, and Marcie Romberger), various entities that have been or are currently involved in his daughter's care and educational trust (Lehigh Transition Services, Northampton County Office of MH/MR, Milestones Community Health Care, and, Magellan Health Services Inc.), the Easton Area School District (E.K.'s former school district), and others who have been involved with his daughter's care and education (Dr. Freya Koger, Beverly Hernandez, John Merlo, and Kaitlin Brobst). At the heart of plaintiff's claims is his allegation that the defendants falsely diagnosed E.K. as mentally retarded—rather than as having pervasive developmental disorder not otherwise specified (PDD-NOS)—and coerced her into accepting services or agreeing to treatment on that basis so that they could benefit financially.

Plaintiff also believes that many of the defendants mistreated his daughter, in particular Ms. Fontno. The amended complaint and table of contents detail numerous incidents of alleged abuse suffered by E.K. going back to 1995. The amended complaint and attachments also reflect that plaintiff and his ex-wife have battled in state court over custody, child-support, and

visitation rights, and that both have sought protection from abuse orders on behalf of themselves and their daughter. Plaintiff has alleged in state court in Northampton County that E.K's mother abused her, and believes the state court and/or state agencies have covered up the abuse or refused to acknowledge it.

In 2006, plaintiff and Ms. Fontno brought a civil action pursuant to the Individuals with Disabilities in Education Act ("IDEA") against the Easton Area School District, claiming that the district denied E.K. a free appropriate public education. *See E.K. v. Easton Area Sch. Dist.*, Civ. A. No. 06-3592 (E.D. Pa.). Raymond DeRaymond represented Ms. Fontno in that case and in connection with custody proceedings concerning E.K. in state court, which resulted in the appointment of Lisa Spitale as a guardian ad litem for E.K. Plaintiff alleges that, in September of 2006, certain of the defendants had E.K. sign a document acknowledging a diagnosis of mental retardation so that she could receive services from the county on that basis. In 2007, the parties settled the IDEA action and E.K. was awarded $255,000 in a compensatory education fund pursuant to the settlement. *See E.K. v. Easton Area Sch. Dist.*, Civ. A. No. 06-3592 (E.D. Pa.) (Document Nos. 39 & 40). Since the settlement of the IDEA action, Magistrate Judge Timothy R. Rice has appointed guardians ad litem to manage E.K.'s educational trust over the years including Marcie Romberger, Shannon Moore, and Lisa Spitale (all of whom are named as defendants in this case).[2] E.K.'s guardians enrolled her in programs and/or schools run by Lehigh Transition Services. Plaintiff is dissatisfied with how his daughter's educational trust has

---

[2] Ms. Romberger served as E.K.'s court-appointed educational guardian ad litem from October 9, 2007 through March 26, 2010, at which point Ms. Moore was appointed. On May 30, 2014, Judge Rice replaced Ms. Moore with Ms. Spitale.

been handled, in particular because he does not believe she requires services or programming for mentally retarded individuals.[3]

In 2010, plaintiff filed a lawsuit in this district based on many of the same facts and incidents above that had occurred up to that point against many of the same defendants (and others) based on his belief that his daughter was receiving inappropriate care and education, and suffering from abuse.[4] *See Kraemer ex rel. Kraemer v. Pennsylvania*, Civ. A. No. 10-4868, 2011 WL 4336671 (E.D. Pa. Sept. 15, 2011). Judge William Martini dismissed that case with prejudice in a September 15, 2011 opinion and order. *Id.* Among other things, Judge Martini held that plaintiff could not pursue claims on his daughter's behalf, that the 2007 settlement of his claims against the Easton Area School District precluded any claims based on events occurring prior to settlement, and that plaintiff's § 1983 claims were untimely in light of the applicable two-year statute of limitations and/or failed because many of the defendants were not state actors. *Id.* at **3-6. On October 25, 2011, Judge Martini denied plaintiff's motion for reconsideration. *Kraemer ex rel. Kraemer v. Pennsylvania*, Civ. A. No. 10-4868, 2011 WL 5075315, at *1 (E.D. Pa. Oct. 25, 2011).

Plaintiff alleges that the abuse to his daughter "pick[ed] up in frequency" after Judge Martini dismissed his lawsuit. Plaintiff also believes that he was retaliated against after Judge Martini dismissed his claims. Part of the basis for that allegation is the fact that, shortly after the dismissal of his case, plaintiff was ordered by a state court judge to pay child support and

---

[3] E.K. reached the age of majority in 2007, and graduated from high school in 2010 when she was twenty-one years old.

[4] Both the amended complaint in that case and the amended complaint in this case involved claims against the following defendants: Amy Fontno, Manny Fontno, Marcie Romberger, Shannon Moore, Lisa Spitale, Raymond Deraymond, Freya Kroger, and Northampton County MH MR Services.

4

charged with arrears. In 2011, a state judge appointed Lisa Spitale as E.K.'s permanent limited guardian (replacing plaintiff). During and since that time, plaintiff's custody, visitation, and child support related battles continued in state court due in part to his refusal to pay child support because he believes that the money he paid was being used to harm his daughter. It appears that plaintiff filed several cases or petitions in state court concerning the alleged abuse to his daughter, but that the courts were unsympathetic to his claims. Plaintiff also alleges that his corporate website was hacked in March of 2012 by someone with an IP address belonging to the Easton Area School District. In November of 2014, approximately two weeks before plaintiff filed this lawsuit, a judge in Northampton County issued a protection from abuse order requiring plaintiff to stay away from his daughter.

Since Judge Martini's dismissal of plaintiff's 2010 lawsuit, E.K. continued to receive services and attend programming, and plaintiff continued to disagree with the methods, services, and programs provided for his daughter via the educational trust. He also believes that E.K. was physically abused and assaulted by Lehigh Transition Services staff members and/or husbands or boyfriends of staff members, and that those staff members failed to provide E.K. with treatment for scabies and/or obtained incorrect treatment that worsened her condition. Plaintiff contracted scabies from his daughter and required extermination services for his apartment in New York City.[5]

The amended complaint provides the following nine causes of action: (1) a claim for violation of 18 U.S.C. § 1592(a)(3), a federal criminal statute prohibiting human trafficking, apparently based on allegations that E.K. was "trafficked into the world of disability services by

---

[5] Plaintiff brought a lawsuit against his landlord and others in 2014 based on their allegedly deficient response to the condition of his apartment, which was dismissed. *See Kraemer v. Edelstein*, Civ. A. No. 14-3804 (S.D.N.Y.) (Document No. 5). Plaintiff's appeal in that case was also dismissed.

5

unlawful conduct" (Am. Compl. at 38); (2) a claim for "health care fraud" pursuant to 18 U.S.C. § 1347, based on defendants' alleged manipulation of a false diagnosis for E.K.; (3) a claim for "false documentation through coercion" based on the allegations that defendants coerced E.K. to accept unnecessary services and covered up abuses to her; (4) a claim for negligent misrepresentation based on the provision of services for E.K. that were allegedly inconsistent with her true diagnosis; (5) a claim for neglect and/or gross negligence based on certain defendants' alleged failure to treat E.K. for scabies; (6) a claim for "forced labor" based on allegations that certain defendants forced E.K. to work while infected with scabies; (7) a claim for relation and/or harassment under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act based on allegations that certain defendants retaliated against him and his daughter after the dismissal of his lawsuit seeking to vindicate his daughter's educational rights; (8) a claim for "kidnapping" based on allegations that certain defendants "kidnapped" E.K. and took her cell phone so she could not communicate with plaintiff; and (9) claims pursuant to 42 U.S.C. § 1983 based on allegations that the defendants deprived plaintiff and his daughter of their federal rights. Plaintiff asks "to represent his daughter with the help of an attorney." (Am. Compl. at 67.) He seeks declaratory judgment that the defendants violated federal law, compensatory education for E.K. to be provided by an independent trust with trustees who are not located in Pennsylvania to compensate for the time that the defendants allegedly failed to provide E.K. with a free appropriate public education, and damages. Plaintiff also seeks an injunction revoking the protection from abuse order issued by the state court in Northampton County and revocation of Lisa Spitale's federal appointment as guardian of E.K.'s educational trust.

## II.     STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The Court must accept plaintiff's factual allegations as true and may consider documents attached to the complaint and matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013).  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DICUSSION

There are numerous problems with plaintiff's amended complaint.  First and foremost, the amended complaint predominately concerns claims brought on E.K.'s behalf seeking relief to

redress harms she allegedly suffered. However, "'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'" *Itiowe v. U.S. Gov't*, 553 F. App'x 271, 272 (3d Cir. 2014) (per curiam) (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991)). Plaintiff is not his daughter's legal guardian and, as a non-attorney proceeding *pro se*, may not prosecute claims on his daughter's behalf in any event. *See I.K. ex rel. B.K. v. Haverford Sch. Dist.*, 567 F. Appx 135, 136 n.1 (3d Cir. 2014) (per curiam) (parent proceeding *pro se* could not represent child in appeal involving claims concerning child's education); *Osie-Afriyie ex rel. Osie-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991) ("[A] parent who is not an attorney must be represented by legal counsel in bringing an action on behalf of his or her minor children."). E.K. has a court-appointed guardian to represent her interests and procure counsel for her if necessary. If plaintiff believes that his daughter's guardian or guardians should be removed, he must petition the appropriate courts. Plaintiff's inability to represent his daughter's interests in this case requires the dismissal of claims one through six, claim eight, and claims seven and nine to the extent they are based on harm suffered by E.K., as well as any requests for relief sought to redress harms suffered by E.K.[6]

Second, it is apparent that several of plaintiff's claims against several of the defendants are barred by the doctrine of *res judicata*, which bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit

---

[6] In any event, federal criminal statutes do not provide a basis for civil claims. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *Brett v. Brett*, 503 F. App'x 130, 132 (3d Cir. 2012) (per curiam) ("[C]riminal statutes do not give rise to civil liability."); *Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) (no private right of action under statute criminalizing health care fraud).

involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). A dismissal with prejudice counts as a final judgment on the merits, even if the Court fails to reach the merit of the claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotations omitted)); *Kreidie v. Sec'y, Pa. Dep't of Revenue*, 574 F. App'x 114, 116-17 (3d Cir. 2014) ("As explained in the Second Restatement of Judgments, the term 'on the merits' has 'misleading connotations' as 'judgments not passing directly on the substance of the claim have come to operate as a bar.'"). Here, a significant portion of plaintiff's claims against many of the defendants are barred by *res judicata* in light of Judge Martini's dismissal of his prior case with prejudice. *See Kraemer v. Pennsylvania*, Civ. A. No. 10-4868 (E.D. Pa.).

Third, to the extent plaintiff seeks relief for harm he suffered (as opposed to harm suffered by E.K.), the Court cannot provide him with much of the relief he seeks. Plaintiff asks this Court to revoke orders issed by other state and federal judges and grant declaratory judgment proclaiming that the defendants violated the law. However, this Court lacks the authority to review and revoke orders issued by the state courts or to intervene in ongoing custody proceedings. *See Mikhail v. Kahn*, 572 F. App'x 68, 70 n.2 (3d Cir. 2014) (per curiam); *see also Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over lawsuits that are essentially appeals from unfavorable state court judgments); *Anthony v. Council*, 316 F.3d 412, 420-21 (3d Cir. 2003) (*Younger* abstention is appropriate where important state interests concerning child support are implicated). Nor does the Court possess the authority to

revoke or alter an order issued by a federal judge in another federal proceeding. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."). Plaintiff's request for declaratory relief is also inappropriate because declaratory judgment is unavailable "solely to adjudicate past conduct" or "to proclaim that one party is liable to another." *Corliss v O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also Andela v. Administrative Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam).

There are other problems with plaintiff's ADA, RA, and § 1983 claims. For a district court to have jurisdiction over claims falling within the scope of the IDEA, including a parent's retaliation claims under the RA and ADA, a plaintiff must administratively exhaust those claims prior to filing suit.[7] *See Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 275 (3d Cir. 2014) ("[W]e now hold that retaliation claims related to the enforcement of rights under the IDEA must be exhausted before a court may assert subject matter jurisdiction."); *see also M.A. v. Jersey City Bd. of Educ.*, 592 F. App'x 124, 131 (3d Cir. 2014) (district court properly dismissed retaliation claims that were not exhausted prior to suit); *A.D. v. Haddon Heights Bd. of Educ.*, --- F. Supp. 3d ---, Civ. A. No. 14-1880, 2015 WL 892643, at **12-13 (D.N.J. Mar. 2, 2015) ("In the wake of *Batchelor,* district courts throughout this Circuit have found non-IDEA actions subject to IDEA exhaustion requirements, where the asserted claims bear relation to the IDEA'S guarantee of a FAPE."). Despite the long history of proceedings involving E.K., nothing in the amended complaint reflects that plaintiff exhausted claims concerning the alleged retaliation he

---

[7] "In appropriate cases . . . relief under the IDEA may be awarded beyond a student's twenty-first birthday." *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 278 n.14 (3d Cir. 2014) (citing *Ferren C. v. Sch. Dist. of Phila.*, 612 F.3d 712, 717 (3d Cir. 2010)).

suffered after advocating for his daughter's educational rights that are not barred by his 2007 settlement with the Easton Area School District and/or Judge Martini's dismissal of his 2010 case. In any event, the individual defendants are not subject to liability for retaliation under the ADA or RA, and § 1983 may not be used to vindicate rights arising under those statutes. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131(1); *Stanek v. St. Charles Community Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *A.W. v. Jersey City Pub. Schools*, 486 F.3d 791, 804 (3d Cir. 2007) (en banc). Additionally, Ms. Fontno, Mr. Fontno, Mr. DeRaymond, Allene Kraemer, and Gretchen Kraemer are not state actors for purposes of § 1983.[8] *See Kraemer ex rel. Kraemer*, 2011 WL 4336671, at *5. That some of those defendants successfully resorted to the state courts is an insufficient basis upon which to conclude that they acted jointly with state actors for purposes of § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."). It also appears that several of plaintiff's claims are barred by the two-year statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (Pennsylvania's two-year limitations period applies to claims under § 1983); *Disabled in Action of Pa. v. S.E. Pa. Trans. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) (applying two-year statute of limitations to claims under Title II of the ADA and section 504 of the RA).

Having thoroughly reviewed the amended complaint, the Court cannot discern a clear basis for a claim against the defendants over which this Court has jurisdiction seeking redress for harm suffered by plaintiff. Indeed, the way that the amended complaint is drafted—recounting every perceived offense against E.K. since the mid-1990s and rehashing the interactions and

---

[8] Gretchen Kraemer is identified as plaintiff's sister and a Northampton County Police Officer. However, it appears that she is being sued for her actions/inactions in her capacity as a private citizen rather than her conduct as a police officer.

litigation spawned by disagreements over E.K.—makes it difficult to discern which, if any, of the defendants caused plaintiff any particular harm.  Additionally, it appears that several defendants have not been involved with E.K. or plaintiff for several years, raising questions as to whether any claims against them would be timely in any event.  At bottom, it is apparent that plaintiff initiated this lawsuit to remedy his dissatisfaction with the management of his daughter's care and educational trust, harms suffered by his daughter, and his dissatisfaction with various state court orders issued against him.   For the reasons given above, the Court may not afford plaintiff the relief he seeks in that regard and no amendment can cure that reality.  Accordingly, the Court will dismiss plaintiff's amended complaint with prejudice.   An appropriate order follows.